IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION
Civil Action No. __3:22-CV-44__

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, as Subrogee of Trinity Health Corporation, and TRINITY HEALTH CORPORATION<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BLACKBAUD, INC.,<br><br>　　　　　　Defendant. | **NOTICE OF REMOVAL** |

TO: **THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

Defendant Blackbaud, Inc. ("Blackbaud") files this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446 and states the following in support:

1.　　The action to be removed is Cause No. 71C01-2112-CT-000462 filed by Plaintiffs Aspen Specialty Insurance Company ("Aspen") and Trinity Health Corporation ("Trinity") (collectively, "Plaintiffs") in the Superior Court of St. Joseph County, Indiana, and is styled *Aspen Specialty Insurance Company, as Subrogee of Trinity Health Corporation, and Trinity Health Corporation v. Blackbaud, Inc.*

2.　　The United States District Court for the Northern District of Indiana has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] By removing this action, Blackbaud does not waive any available defense.

3. The grounds for removal are as follows:

4. The removed case is a civil action filed on December 15, 2021 in the Superior Court of St. Joseph County, Indiana.

5. The Complaint and Summons were served on Blackbaud on December 20, 2021. Therefore, this Notice of Removal is timely filed within 30 days of the receipt of the initial pleading and within one year of the commencement of the action. 28 U.S.C. § 1446(b) & (c).

6. The venue of this removal is proper under 28 U.S.C. §§ 105 and 1441(a) to the Northern District of Indiana, South Bend Division, because the Superior Court of St. Joseph County, Indiana, is within the Northern District of Indiana, South Bend Division.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on counsel for plaintiffs, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Clerk of the Superior Court in St. Joseph County, Indiana. A true and correct copy of this Notice is attached hereto as Exhibit 1.

8. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Blackbaud in the state court are also attached.

9. This action falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed under 28 U.S.C. §§ 1441 and 1446.

**I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.**

10. Complete diversity of citizenship exists between Plaintiffs and Blackbaud.

11. For purposes of determining citizenship under 28 U.S.C. § 1332(a), "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 175 L. Ed. 2d 1029 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

*Blackbaud*

12.   Blackbaud is a corporation.  *See* Declaration of Anne Caggiano dated January 14, 2022 (attached) ("Caggiano Decl.") at ¶ 3.

13.   Blackbaud is incorporated in Delaware.  *See* Caggiano Decl. at ¶ 3.

14.   Blackbaud's principal place of business is in South Carolina.  *See* Caggiano Decl. at ¶ 4.

*Plaintiffs*

15.   Plaintiff Trinity is a nonprofit corporation.  *See* Compl. ¶ 3.

16.   Trinity is incorporated in Indiana.  *See* Compl. ¶ 3.

17.   Upon information and belief, Trinity's principal place of business is Michigan.  *See* Compl., Exhibit A at 1.

18.   Upon information and belief, Plaintiff Aspen is a corporation incorporated in North Dakota, with its principal place of business in Rocky Hill, Connecticut.  *See* North Dakota Secretary of State, Business Search, https://firststop.sos.nd.gov/search/business (last visited Jan. 14, 2022).

## II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

19.   Blackbaud does not concede that either Plaintiff is entitled to any damages or any other form of relief.  However, the amount-in-controversy requirement for diversity jurisdiction is satisfied based on the allegations of the Complaint.  *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) *and St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

20.   "Under 28 U.S.C. § 1332, federal courts have jurisdiction over civil suits between citizens of different states 'where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs.'" *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) (quoting 28 U.S.C. § 1332(a)).

21. According to the Complaint, Plaintiffs' damages allegedly "total an amount no less than $2,317,432.39[.]" *See* Compl. ¶ 111; *see also id*. ¶¶ 118, 125, 134, 143, 150.

22. In total, the alleged amount is in excess of $75,000.00, exclusive of interest and costs, and therefore the amount-in-controversy requirement is satisfied.

WHEREFORE, Defendant Blackbaud hereby removes the above-captioned matter from the Superior Court of St. Joseph County, Indiana, to the United States District Court for the Northern District of Indiana, South Bend Division.

This the 19th day of January, 2022.

Respectfully submitted,

/s/ Michael J. Hays
James M. Lewis (15784-71)
Michael J. Hays (23606-71)
Tuesley Hall Konopa, LLP
212 East LaSalle Avenue, Suite 100
South Bend, Indiana 46617
(574) 232-3538
jlewis@thklaw.com
mhays@thklaw.com

*Attorneys for Defendant*

4

## **CERTIFICATE OF SERVICE**

I certify that on this day the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and was served upon the following *via* e-mail:

Michael A. Kreppein
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
233 E. 84th Drive – Park Tower, Suite 201
Merrillville, IN 46410
Telephone: (219) 525-0560
Michael.Kreppein@wilsonelser.com

*Attorney for Plaintiff*
*ASPEN SPECIALTY INSURANCE COMPANY*

Kirk D. Bagrowski
Eichhorn & Eichhorn, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
(219) 931-0560
kbagrowski@eichhorn-law.com

Robert J. Feldt
Eichhorn & Eichhorn, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
(219) 931-0560
rfeldt@eichhorn-law.com

*Attorneys for Plaintiff*
*TRINITY HEALTH CORPORATION*

　　　　　　　　　　　　　　　　　　　　　　/s/ Michael J. Hays