IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION
Civil Action No. 3:22-CV-0044-JD-MGG

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, as Subrogee of Trinity Health Corporation, and TRINITY HEALTH CORPORATION | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| BLACKBAUD, INC., | )<br>) |
| Defendant. | )<br>) |

### BLACKBAUD'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendant Blackbaud, Inc. ("Blackbaud") moves to dismiss all claims brought by Plaintiffs Aspen American Insurance Company ("Aspen") and Trinity Health Corporation ("Trinity") (collectively, "Plaintiffs") in the First Amended Complaint.  As described more fully in the *Memorandum of Law* filed with this *Motion*:

*First*, Plaintiffs fail to plead that they suffered any compensable damages under Indiana law, and thus all six claims should be dismissed for failure to state a claim for relief.

*Second*, Plaintiffs fail to plead that Blackbaud's alleged conduct was the proximate cause of, or was a substantial factor in causing, Plaintiffs' alleged damages.  Thus, all six claims fail for lack of causation and all six claims should be dismissed for this independent reason.

*Third*, both of Plaintiffs' breach of contract claims seek only damages that are expressly barred by a contractual limitation of liability clause, and thus both contract claims fail for this independent reason.

*Fourth*, for all three negligence claims, Plaintiffs fail to plead the existence of a legal duty and, because Blackbaud and Trinity's relationship is based entirely in contract, all three negligence claims are barred by the economic loss rule. In addition, the negligent misrepresentation claim fails to satisfy the particularity requirement in Federal Rule of Civil Procedure 9(b).

*Fifth*, Plaintiffs again fail to allege the existence of a fiduciary relationship between the parties, and therefore Plaintiffs' breach of fiduciary duty claim fails as a matter of law.

Therefore, Blackbaud respectfully requests the Court to dismiss Plaintiffs' First Amended Complaint in its entirety and to grant all other appropriate relief.

Respectfully submitted,

/s/Sarah Fulton Hutchins
James M. Lewis (15784-71)
Michael J. Hays (23606-71)
THK LAW, LLP
212 East LaSalle Ave.
South Bend, IN 46617

Richard S. Glaser (*pro hac vice*)
Jason R. Benton (*pro hac vice*)
Sarah Fulton Hutchins (*pro hac vice*)
Corri A. Hopkins (*pro hac vice*)
PARKER POE ADAMS & BERNSTEIN, LLP
620 South Tyron St, Suite 800
Charlotte, NC 28202
*Attorneys for Defendant*